Curia, per

Butler, J.
The only question strictly involved in this appeal is as to the validity of the entries made by Henning, on the execution in which he was a party interested. I propose to shew that Henning had no official authority to make such entries, and that they could not give to the executions on which they were made, any binding efficacy. This proposition must be maintained, on the ground that the official functions of a sheriff cease in all cases in which he is a party, and that all acts done by him, in relation to any judicial process for or against him, are void, ab initio, so far as regards third persons; and that, in such case, the coroner becomes invested exclusively with the power of sheriff, and is one of the sheriffs of the State, to a limited and prescribed extent. In treating of the of~ *175 fice of coroner, Lord Coke says: “ Besides his judical place, he has also authority, ministerial, as a sheriff,” (fee.; and that “ when there is just exception taken to the sheriff, judicial process shall be awarded to the coroner, for the execution of the king’s writs, in which case he is locum tenens comitis.” The ministerial powers of sheriff are the same here as in England, so far as regards the service of process, or any acts to be done in his own case. “ In the commencement of civil cases, he is to serve the writ, to arrest, and (when required,) to take bail; when the cause comes to trial, he is to summon and return the jury; when it is determined, he must see the judgment of the court carried into execution.” Bl. Com. 1, p. 344. The only particular in which a sheriff in this State cannot act as a sheriff in England, so far as it regards the powers thus enumerated, is that he has no discretion in summoning a jury, but, in that respect, must be governed by the law, which requires him to summon those alone whose names are mentioned in the venire. But the question of interest can be illustrated as well in the cases in which the sheriff would have an interest in serving the venire, as imanv^alhers ; and in'England, nothing is clearer than cannot summon a jury in a cause in which hi kindred are concerned; for in such Case, he ganizing his own court, and would not hav| tion of indifference so much desired by the so far as it regards any other act to be perforé under or by virtue of any judicial process," could acquire an advantage to himself, or do hurt tefanother, the same principle would apply. In such case, he has no authority at all, but the process is awarded by the law, and should be directed and delivered to the coroner in the first instance. “Where a sheriff is interested, a latitat directed to him is ill.” 1 Wm. Blac. And in Oro. Car. it is laid down that if the sheriff is either plaintiff or defendant, or one of the cognizees, the writ must be directed to the coroner. The 16th section of the statute of frauds is enacted on the assumption that the writ must be delivered to the coroner, in the first instance, when the sheriff is a party interested, for it provides, “that no writ of ji. fa. or other execution shall bind the property or the goods against *176 whom such execution is sued forth, but from the time such writ shall be delivered to the sheriff, under-sheriff, or coroner, to be executed.” Now, as the coroner can only act under a writ against the sheriff, and as that writ must be directed to him, its binding efficacy, when a fi. fa., must commence from the time the coroner receives it in his office. This excludes the inference that th efi.fa. could have been entered in any other office. Indeed it would have been ill if it had been directed by ñame to the sheriff, himself. The county court Act. P. L. 369, directs that all writs should be awarded to and served by the coroner, in cases for or against the sheriff; and the Act of the Legislature of 1839, has in no wish changed the law, but is rather confirmatory of it. Section 41, of that Act, prescribing the duties of coroner, is as follows: “ If the sheriff shall be a party, plaintiff or defendant, in any judicial process, execution, warrant, summons, or notice, to be served or executed in his district, thé coroner shall serve or execute such process, execution, warrant, summons, or notice; in the discharge of which duties, he shall incur such liabilities as would, by law, attach to their performance by the sheriff, himself. As it regards the summons and warrant, there can be no doubt but they must be delivered to the coroner, in the first instance. It might be important, sometimes, to withhold the knowledge of the existence of such papers from the sheriff, particularly the warrant; and the same remark may be made of a ca. sa. And if a sheriff is under an official obligation to enter in his office afi. fa., why not enter a ca. sa. against himself. If he had a right to enter it, he might have an interest to withhold it, or delay its execution, for no one would like to give validity to the warrant of his own imprisonment. A ca. sa., like a fi. fa., is directed to all and singula! the' sheriffs of the State; and if so, why should they not be entered as fi.fas. are % All the processes to be executed by the coroner, except the fi.fa., must necessárily be delivered to him in the first instance.
But it is said the fi. fa. should be entered in the sheriff’s office proper, because the sheriff is required to keep books for such entries, and because th efi.fa. runs into all the districts, and is directed to all the sheriffs. I hold, however, *177 that the coroner is one of the sheriffs of the State, whilst he is invested with the official functions of a sheriff; and that a writ of execution directed to all and singular the sheriffs, is well directed to him; and that whilst he is acting on it, he will incur all the liabilities, and should perform all the duties, of a sheriff. He is sheriff towards one man, as much as the sheriff is so to all the people of the State. One has a larger and the other a more limited scope of authority. In looking, therefore, for executions for or against the sheriff, reference must be had to another sheriff’s office, so far as he is concerned. Though not required by law to keep books for entries of papers against the sheriff, the coroner must still keep an account of his transactions ; and when he has many cases, a book would be necessary. And is it not well that the transactions of the coroner and sheriff, so far as regards executions in which the latter has an interest, should be kept entirely separated? The sheriff should not have any temptation to do wrong, either for his own advantage, or to the prejudice of another. And what frauds might not a sheriff commit by false entries 1 It is said, for such frauds he would be answerable on his official bond. I do not admit that a sheriff’s securities would be liable for all his wrongful acts. They are not liable for the penalties which a sheriff may incur for many illegal acts, such as withholding money against the demand of the owner, and thereby incurring the penalty of fifty per cent. But be that as it may, it is ■ better to prevent than to remedy mischief. And by not suffering the sheriff to have any thing to do with papers in which he is interested, much prejudice to third persons maybe avoided.
The most plausible ground upon which the validity of the entries in Henning’s office has been rested, is the consent of the plaintiffs in execution. There would be some-: thing in this if these plaintiffs were the only parties concerned. But there are others who occupy an adversary position, and who have never given assent. Henning cannot, therefore, sustain his acts under a derivitive authority from all the parties engaged in this controversy. His acts must be referred to the agency of the law; and as that gives himno authority to bind others by his individual acts, *178 in which he was a party, they can have no official validity; no more than if the same acts had been done by the clerk, or any other functionary acting without legal authority. The consent of the plaintiffs lodging executions with the clerk, could not give them any advantage against third persons and strangers to the transaction.
I think, from what I have said, it will follow, that if the entries in the coroner’s office were valid, those made by Henning were void, as the law contemplates but one office for such entries. We do not intend to say any thing more, than that the entries made by Henning in his own office, give the executions Upon which they were made, no binding efficacy. How far the entries made in other offices may affect the rights of parties, must depend upon a fuller de~ velopement.of facts, and must be left to future adjudication. Motion refused.
Richardson, Evans, and Earle, JJ. concurred.